18

In the Matter of the Claim of MADELINE LANDON, on Behalf of CHRISTOPHER LANDON, Respondent, *v.* MOTOROLA, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 20, 1971.

*Williams, Williams, Volgenau & Tisdall* (*Paul D. Williams* and *Clarence E. Sprague* of counsel), for appellants.

*Ross & Stein* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the employer and carrier from a decision of the Workmen's Compensation Board, filed September 29, 1970, which awarded death benefits to the infant claimant whose adoption was finalized by the decedent's widow after his death.

The decedent and his widow brought the infant to their home on February 1, 1968 and thereafter initiated adoption proceedings. On June 19, 1968 the decedent was fatally injured in a work-related airplane accident while on business for his company. On September 25, 1968 an order of adoption based upon

an amended petition was signed in favor of the widow, the infant having continuously resided in her home.

The board found " that the child, Christopher Landon, was adopted by the decedent and his wife as of the date of submission and approval of the petition of adoption on March 20, 1968. The child was then residing with the decedent in his household and continued to reside therein. We find that since no action was instituted to remove the child from this household and since the child was, in fact, accepted as the child of said household and nothing appearing to the contrary, that the mere signing of the final order of adoption was a ministerial act based on the facts as established by the original petition. It is therefore clear that Christopher Landon is a child within the meaning and intent of section 2, subdivision 11 of the Workmen's Compensation Law and is entitled to the benefits thereof ".

Subdivision 11 of section 2 of the Workmen's Compensation Law (all statutory references hereinafter are to said law unless otherwise specified) defines a child as including " a child legally adopted prior to the injury of the employee " and section 16 provides for benefits to children of a deceased employee under the age of 18. There is no dispute that the infant claimant was never legally adopted by the decedent.

The present record discloses that the claimant and her dependents as of March 5, 1969 had a third-party action pending for decedent's death resulting from an airplane accident and that Christopher Landon (by then legally adopted) was a claimed dependent.

In arriving at our decision we are mindful of the admonition in *Matter of Petterson* v. *Daystrom Corp.* (17 N Y 2d 32, 38), where the court said: " But we are not bound to accord a literal interpretation to this language if to do so would lead to an egregiously unjust or unreasonable result. (See, e.g., *Eck* v. *United Arab Airlines,* 15 N Y 2d 53, 62; *Matter of New York Post Corp.* v. *Leibowitz,* 2 N Y 2d 677, 685; see, also, *Cabell* v. *Markham,* 148 F. 2d 737, 739, affd. 326 U. S. 404.) · ' In construing statutory provisions,' we wrote in the *New York Post* case (2 N Y 2d 677, 685–686, *supra*), ' the spirit and purpose of the statute and the objectives sought to be accomplished by the legislature must be borne in mind. ' The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ' defeat the general purpose and manifest policy intended to be promoted '." (*People* v. *Ryan,* 274 N. Y. 149, 152; see, also, *Matter of United Press Assns.* v. *Valente, supra,* 308 N. Y. 71, 83–84; *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.,* 305 N. Y. 36, 43–44.) ' "

The purpose of the Workmen's Compensation Law is enunciated in *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544, 553) where the court stated: "The act was passed pursuant to a widespread belief in its value as a means of protecting workingmen and their dependents from want in case of injury when engaged in certain specified hazardous employments. It was the intention of the legislature to secure such injured workmen and their dependents from becoming objects of charity, and to make reasonable compensation for injuries sustained or death incurred by reason of such employment a part of the expense of the lines of business included within the definition of hazardous employments as stated in the act."

With this analysis of the Workmen's Compensation Law and the decisions thereunder and in particular the mandate of subdivision 11 of section 2 that a definition of a child includes one "legally adopted" — which appears to be a bar to the present claim — we look to the Decedent Estate Law for further guides in arriving at our conclusion. "Adoption", as presently understood "was unknown" to the common law of this country. In *United States Trust Co.* v. *Hoyt* (150 App. Div. 621, 624) the court said: "The status and rights of adopted children are of purely statutory creation. The adoption of children and strangers to the blood was known to the Athenians and Spartans, the Romans and ancient Germans and is recognized in both the French and Spanish law, but it was unknown to the common law of England and exists in the States of the Union solely by force of statutes. (*Carroll* v. *Collins*, 6 App. Div. 106; *Matter of Thorne*, 155 N. Y. 140.) "

The provisions of article 7 of the Domestic Relations Law (§§ 109–118-c) are strictly construed. (See *Matter of Eaton*, 305 N. Y. 162, 165, 166; *Matter of Santacose*, 271 App. Div. 11, 16, 18.) *

---

* Section 641 of the Family Court Act for the State of New York. "Jurisdiction over adoption proceedings. Effective September first, nineteen hundred sixty-eight, the family court has exclusive original jurisdiction over adoption proceedings under article seven of the domestic relations law. From the effective date of this act until September first, nineteen hundred sixty-eight, the family court has original jurisdiction concurrent with the surrogate's courts over such adoption proceedings." (L. 1967, ch. 146, eff. March 28, 1967.)

Article 7 of the Domestic Relations Law — Adoption.

"§ 110. Who may adopt; effect of article. * * * No person shall hereafter be adopted except in pursuance of this article, and in conformity with section three hundred seventy-three of the social welfare law.

"Adoption is the legal proceeding whereby a person takes another person into the relation of child and thereby acquires the rights and incurs the responsibilities of parent in respect of such other person.

While our decision is, no doubt, of considerable import to the widow and the adopted child, it is our judgment that the question of dependency should be determined as of the date of death and that the adoption does not become final until the order of the court pursuant to section 114 of the Domestic Relations Law, and, accordingly, the decision of the board must be reversed.

Our attention has been directed to the case of *Stellmah* v. *Hunterdon Co-op. G. L. F. Serv.* (47 N. J. 163) where the benefits of the Workmen's Compensation Law of New Jersey were extended to a child whose parent died prior to the final order of adoption. However, the law of the Province of Quebec controlled, being the place of the prior residence of the child. The law there considered such a child under such circumstances as being legally adopted. Accordingly, New Jersey recognized such law as being controlling with reference to the adoption and then found that under the circumstances the child was a dependent under its Workmen's Compensation Law. The decision presents no compelling reason why New York should abrogate its statutory law.

There are other and possibly more compelling reasons for our decision. In this jurisdiction there have recently been proceedings raising questions concerning the rights of the natural parents to abrogate a consent agreement prior to the final order of adoption. For instance, in the present proceedings — in retrospect it did not happen — the natural mother of the child retained certain inherent rights to renounce her consent prior to the finalization of the adoption. In *People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv.* (28 N Y 2d 185, 190, 191) the court said: " In New York, a surrender executed by a mother, in which she voluntarily consents to a change of guard-

---

" A proceeding conducted in pursuance of this article shall constitute a judicial proceeding. An order of adoption or abrogation made therein by a surrogate or by a judge shall have the force and effect of and shall be entitled to all the presumptions attaching to a judgment rendered by a court of general jurisdiction in a common law action."

Section 112 provides that where a child is under 18 years of age no adoption shall be made until the child has resided with the adoptive parents for at least six months unless dispensed with by an order of the court.

" § 114.— Order of adoption. If satisfied that the moral and temporal interests of the adoptive child will be promoted thereby the judge or surrogate shall make an order approving the adoption and directing that the adoptive child shall *thenceforth* be regarded and treated in all respects as the child of the adoptive parents or parent. In determining whether the moral and temporal interest of the adoptive child will be promoted by the adoption, the judge or surrogate shall give due consideration to any assurance by a commissioner of social services that he will provide necessary support and maintenance for the adoptive child pursuant to the social services law." (Emphasis supplied.)

ianship and custody to an authorized agency for the purpose of adoption, is expressly sanctioned by law. (Social Services Law, § 384.) The statute nowhere endows a surrender with irrevocability foreclosing a mother from applying to the court to restore custody of the child to her. In fact, the legislation is clear that, until there has been an actual adoption, or the agency has met the requirements of the Social Services Law (§ 384, subd. 4), the surrender remains under, and subject to, judicial supervision.''

The cases of *Wener* v. *Wener* (35 A D 2d 50) and *Miller* v. *Elliott* (266 App. Div. 428) relied upon by the respondent board are inapplicable as they dealt with the contractual relationships arising out of the particular circumstances in each instance of the foster parent situation. In the present case the Workmen's Compensation Law expressly requires a legal adoption as a condition precedent to benefits.

The finding of the board '' that the child * * * was adopted by the decedent and his wife as of the date of the submission and approval of the petition of adoption on March 20, 1968 '' and '' that the mere signing of the final order of adoption was a ministerial act based on the facts as established by the original petition '' was error as a matter of law.

The decision should be reversed, and the claim dismissed, with costs to appellants against the Workmen's Compensation Board.

STALEY, JR., GREENBLOTT, COOKE and SIMONS, JJ., concur.

Decision reversed, and claim dismissed, with costs to appellants against the Workmen's Compensation Board.