John D. Bennett, J.
In this adoption proceeding a pretrial conference was held wherein the court requested the attorney for the putative father to submit a memorandum of law on notice to the attorneys for the petitioners and guardian ad litem on the question of whether the facts in this proceeding could be distinguished from those set forth in the Matter of Malpica-Orsini (36 NY2d 568). Memoranda have been submitted and the court finds that there is no reason to distinguish this proceeding from that set forth in the Orsini matter.
The putative father’s consent is not necessary, but he must be given an opportunity to be heard in the adoption proceeding in order for the court to make a determination as to what is in the best interests of the infant. One of the issues to be heard, that may have a bearing as to the best interests of the infant, is the alleged abandonment of the putative father.
*17 A jury trial has been requested by the putative father. Adoption proceedings were unknown at common law (Matter of Landon v Motorola, Inc., 38 AD2d 18). They are a creature of statute (Doe v Roe, 37 AD2d 433). All proceedings in the Surrogate’s Court are without a jury unless a jury trial is statutorily provided (Matter of Leary, 285 NY 693; Matter of Eckstein, 143 NYS2d 276). There is no constitutional right to a trial by jury in adoption proceedings and a jury trial is not provided by statute (see Matter of Fay, 70 Misc 2d 51; Matter of Luria, 63 Misc 2d 675; Matter of Rosenbergs, 130 NYS2d 316).
Accordingly the application for a jury trial is denied. The attorneys should complete any discovery proceedings and be prepared for a hearing which the court directs to be held on April 13, 1976 at 10:30 a.m.