In the Matter of the Estate of MARY F. CHASE, Deceased. MARY A. MARBLE, Respondent; ANTHONY CHASE et al., Appellants; EDNA G. EVERS et al., Respondents.

Third Department, May 7, 1987

## APPEARANCES OF COUNSEL

*Case & Saunders, P. C. (Allen C. Miller, Jr.,* of counsel), for appellants.

*George B. Ceresia, Jr.,* for Mary A. Marble, respondent.

*Casey, Yanas, Clyne, Mitchell & Amerling (Matthew J. Clyne* of counsel), for Edna G. Evers, respondent.

*Lee & LeForestier, P. C. (Edward J. Malone* of counsel), for Mildred Hausmann, respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Frederick Chase and his wife, Audrey, had two children, Anthony and Susan (hereinafter objectants). Frederick Chase died on December 5, 1960. Following his death, Audrey remarried. Her second husband, Steven Scher, adopted objectants. The adoptions were granted in 1966 in Rhode Island.

Decedent, Mary F. Chase, Frederick Chase's mother, died intestate on November 23, 1982 in Albany County, survived by objectants and several collateral relatives. Petitioner, decedent's niece, filed for letters of administration upon decedent's estate, it being her position that objectants lost their right to inherit from decedent when they were adopted by Scher. Accordingly, petitioner insists that she should be accorded priority for the granting of letters of administration pursuant to SCPA 1001.

Objectants filed objections to the petition and requested that they be granted letters of administration. Surrogate's Court found that objectants were not distributees of decedent's estate by reason of their prior adoption and awarded letters of administration to petitioner. This appeal by objectants ensued.

The factual pattern herein raises a conflict between two statutes concerning the rights of adoptive children to inherit from their natural parents. In New York, pursuant to Domestic Relations Law § 117 (1) (b), the right of an adoptive child to inherit through his natural parents terminates upon the child's adoption.* In Rhode Island, adoptive children do not

---

* The only exception is where a natural parent, having custody of a child, marries or remarries and consents that the new spouse may adopt the child. In such case, the child may still inherit from and through the consenting natural parent, but may not inherit from or through the nonconsenting spouse (Domestic Relations Law § 117 [1] [d]; *see,* L 1966, ch 14, n; mem of Temporary Commn on Law of Estates, 1966 NY Legis Ann, at 117).

lose their right to inherit from or through their natural parents *(see,* RI Gen Laws § 15-7-17). While the parties agree that New York, by the law of comity, must recognize objectants' status as adopted, even though such status was acquired under the laws of Rhode Island *(see, Matter of Leask,* 197 NY 193, 195-196; *New York Life Ins. & Trust Co. v Viele,* 161 NY 11, 18), they disagree concerning which State's law controls the adjudication of objectants' rights as adopted children.

Even where a status created in another jurisdiction is recognized by a court of this State, all of the incidents which the other jurisdiction attaches to such status need not be recognized *(see,* 19 NY Jur 2d, Conflict of Laws, § 18, at 593). Specifically, the Court of Appeals has held that, for the purpose of determining matters of inheritance, the rights of children adopted under foreign decrees shall be adjudicated "in the same light as though they had been duly adopted under the laws of New York" *(Matter of Leask, supra,* at 196). Further, EPTL 4-1.1 (f) provides that the inheritance rights of adopted children are to be determined as provided in the Domestic Relations Law. Thus, the rights of objectants to inherit must be determined pursuant to New York law. Such result is not unfair here since Rhode Island has no contacts with this case other than the fact that the adoption decree was rendered there. On the other hand, New York was the domicile of decedent and New York has a strong interest in enforcing its statute regarding the inheritance rights of adopted children. The intent of Domestic Relations Law § 117 was to sever all ties between the adopted child and his or her natural family *(see, Matter of Best,* 66 NY2d 151, 156, *cert denied sub nom. McCollum v Reid,* — US —, 106 S Ct 1463).

Since objectants cannot inherit from or through their natural father, they are not entitled to be granted letters of administration (EPTL 4-1.1 [a] [5]; SCPA 1001 [1] [c]).

KANE, MAIN, CASEY and LEVINE, JJ., concur.

Decree affirmed, without costs.