[791 NYS2d 217]

In the Matter of the Claim of WILLIAM S. VALENTINE, Appellant,
v AMERICAN AIRLINES et al., Respondents. WORKERS' COM-
PENSATION BOARD, Respondent.

Third Department, March 17, 2005

## APPEARANCES OF COUNSEL

*Adam L. Aronson, Lambda Legal Defense Fund*, New York City, for appellant.

*Weiss, Wexler & Wornow P.C.*, New York City (*Matthew E. Weerth* of counsel), for American Airlines and another, respondents.

*Eliot Spitzer, Attorney General*, Albany (*Julie M. Sheridan* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

KANE, J.

Decedent was working for the employer as a flight attendant when his flight crashed in New York City in November 2001, causing his death. Claimant and decedent had been domestic partners for approximately 21 years prior to that time. They owned an apartment together, jointly held bank accounts and investments, designated each other as executors and beneficiaries on various legal documents and registered as domestic partners in New York City. After the plane crash, claimant filed a claim for death benefits as decedent's surviving spouse under Workers' Compensation Law § 16 (1-a). A Workers' Compensation Law Judge found that decedent suffered a work-related injury resulting in death, but that claimant was not eligible to

receive death benefits. Upon claimant's appeal, the Workers' Compensation Board affirmed, holding that claimant was not entitled to benefits because the term "surviving spouse" only included a person who was a spouse in a legally valid marriage. Claimant appeals.

■ Domestic partners do not fall within the definition of surviving spouse under Workers' Compensation Law § 16 (1-a). Where the terms of a statute are clear and unambiguous, the court must "give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]; *see Matter of Orens v Novello*, 99 NY2d 180, 185 [2002]; *Raum v Restaurant Assoc.*, 252 AD2d 369, 370 [1998], *appeals dismissed* 92 NY2d 946 [1998], 95 NY2d 824 [2000]). If no statutory definition is supplied for the term at issue, the court should construe it according to its "usual and commonly understood meaning" (*Matter of Orens v Novello, supra* at 185-186 [internal quotation marks and citations omitted]; *see Matter of Caldwell v Alliance Consulting Group*, 6 AD3d 761, 762 [2004]).

Under the workers' compensation death benefits provision, "the term surviving spouse shall be deemed to mean the legal spouse" of the deceased employee (Workers' Compensation Law § 16 [1-a] [2]). The term "legal spouse" is not further defined in the statute. It cannot seriously be contended that the Legislature envisioned that nonmarried domestic partners would be considered legal spouses when it enacted and amended the statute at the beginning of the last century (*see* L 1913, ch 816, § 16; L 1914, ch 41, § 16; L 1914, ch 316; L 1916, ch 622; L 1920, ch 532), nor when it amended the statute in 1979 merely to render it gender neutral (*see* L 1979, ch 168, § 1). The commonly accepted meaning of the term "legal spouse" is a husband or wife of a lawful marriage (*see* Black's Law Dictionary 902, 1410 [7th ed 1999]; Webster's Unabridged Dictionary 1098, 1845 [2d ed 1999]). As claimant concedes that he and decedent were not married, claimant does not fit within the statutory definition of a surviving spouse under Workers' Compensation Law § 16 (1-a) (*compare Raum v Restaurant Assoc., supra* at 370 [holding that a domestic partner is not a "spouse" under EPTL 5-1.2]; *Matter of Cooper*, 187 AD2d 128, 131 [1993], *appeal dismissed* 82 NY2d 801 [1993] [same]).

Workers' Compensation Law § 4, which deems domestic partners to be surviving spouses for death benefit purposes, contains an applicability clause strictly limiting that definition

to domestic partners of employees killed as a result of the September 11, 2001 terrorist attacks (see Workers' Compensation Law § 4 [2], [3]). Because decedent died as a result of a plane crash in November 2001, section 4 does not apply to claimant. Contrary to claimant's argument that this definition and the legislative history related to its enactment foster a broader reading of the definition in Workers' Compensation Law § 16 (1-a), the two separate sections must be read according to their plain and separate meanings. In fact, the Legislature's inclusion of domestic partners in one situation and its failure to provide a comparable inclusion in another is compelling evidence that no such broad inclusion was intended (see Matter of Crisman v Marsh & McLennan Cos., 6 AD3d 899, 901 [2004]). The expansion of the scope of section 16 (1-a) can only be accomplished by the Legislature, not the courts.

██ Claimant further contends that if, as we have found, a same-sex domestic partner is not considered a surviving spouse under Workers' Compensation Law § 16 (1-a), then that statute violates the equal protection clauses of the NY and US Constitutions (see US Const, 14th Amend, § 1; NY Const, art I, § 11). Initially, statutes enjoy a strong presumption of constitutionality which claimant bears the burden of rebutting (see Matter of Klein [Hartnett], 78 NY2d 662, 666 [1991], cert denied 504 US 912 [1992]). The Court of Appeals and this Court have previously held that the state constitutional provision granting the Legislature broad and unencumbered authority to enact laws for the protection of employees (see NY Const, art I, § 18) precludes any attack on workers' compensation statutes based on any other provision of the NY Constitution (see Matter of Smith v Atlas Assembly/Crawford Furniture Mfg. Corp., 216 AD2d 804, 806 [1995], lv denied 86 NY2d 711 [1995]; see Crosby v State of N.Y., Workers' Compensation Bd., 57 NY2d 305, 310 [1982]). Thus, claimant's state constitutional argument is precluded.

Focusing on allegations of federal equal protection violations, we must determine the type of discrimination alleged and the level of scrutiny to be applied. Because the Workers' Compensation Law is facially neutral and applies equally to males and females, we do not accept claimant's argument that Workers' Compensation Law § 16 discriminates on the basis of gender (see Baker v State, 170 Vt 194, 215 n 13, 744 A2d 864, 880 n 13 [1999], and cases cited therein; Matter of Shields v Madigan, 5 Misc 3d 901, 906 [2004]; but see Baehr v Lewin, 74 Haw 530, 572, 852 P2d 44, 64 [1993] [based on state constitution]).

Claimant also raises allegations of discrimination on the basis of sexual orientation. Courts, including the United States Supreme Court, have applied the rational basis standard, rather than strict or heightened scrutiny, when reviewing sexual orientation discrimination allegations (*see Romer v Evans*, 517 US 620, 631-633 [1996]; *Lofton v Secretary of Dept. of Children & Family Servs.*, 358 F3d 804, 818 [11th Cir 2004], *cert denied* — US —, 125 S Ct 869 [2005]; *Schroeder v Hamilton School Dist.*, 282 F3d 946, 950-951 [7th Cir 2002], *cert denied* 537 US 974 [2002]; *Under 21, Catholic Home Bur. for Dependent Children v City of New York*, 65 NY2d 344, 364 [1985] [noting that courts have uniformly refused to apply higher level of scrutiny to sexual orientation discrimination]; *Matter of Cooper*, 187 AD2d 128, 133 [1993], *supra*; *Matter of Shields v Madigan, supra* at 907 [determining that rational basis existed for state law permitting only opposite-sex couples to marry]). Under the rational basis test, the legislation "will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest" (*City of Cleburne, Tex. v Cleburne Living Ctr.*, 473 US 432, 440 [1985]; *see Affronti v Crosson*, 95 NY2d 713, 719 [2001], *cert denied* 534 US 826 [2001]; *Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 319 [1995]).

The state has a legitimate interest in providing an efficient administrative system for resolving and paying workers' compensation claims in a consistent manner. The statute at issue does not explicitly differentiate between those eligible to file for death benefits based on sexual orientation; rather, the words "legal spouse" differentiate on the basis of a legal status or relationship. It is generally easy to prove that legal status, enabling a swift and orderly processing of death benefit claims. Presenting proof of a domestic partnership or other spouse-like relationship could be difficult, invite litigation and inevitably delay the payment of benefits. Determinations as to whether a relationship is substantial enough to qualify the survivor for benefits would be subjective, thereby eroding consistency in the administration of death benefits.

While the current statutory definition occasionally requires a fact-based determination regarding the existence of a common-law marriage created in another state and entitled to full faith and credit in New York (*see Matter of Coney v R.S.R. Corp.*, 167 AD2d 582 [1990], *lv denied* 77 NY2d 805 [1991]), this situation does not render irrational the state's choice to limit death benefits to legal spouses in an imperfect effort to streamline the processing and payment of such benefits.

The Legislature's determination to permit the receipt of death benefits by domestic partners of employees who died as a result of the September 11, 2001 terrorist attacks (*see* Workers' Compensation Law § 4) also does not render irrational its determination not to extend that right to domestic partners of all other employees. Special legislation in response to those unprecedented terrorist attacks could rationally provide more or different compensation to families and dependents of those victims. Notably, the federal government created a special fund to provide compensation to victims and their survivors as a result of those attacks (*see* 28 CFR part 104 [September 11th Victim Compensation Fund of 2001]). It was reasonable for the Legislature to emulate the eligible recipients of those funds when devising a special section of the Workers' Compensation Law to deal with survivors of those same victims. The Legislature's decision to permit domestic partner claims related to this one event does not negate the fact that significant administrative burdens and difficulties exist in adjudicating domestic partner claims generally, but rather demonstrates that it was willing to endure the associated administrative difficulties under these unique circumstances.

The general limitation permitting only legal spouses to receive workers' compensation death benefits is rationally related to the state's legitimate interest in providing for the efficient, swift and consistent processing and payment of such benefits. Accordingly, the statute has a rational basis and passes constitutional muster.

CARDONA, P.J., CREW III, MUGGLIN and ROSE, JJ., concur.

Ordered that the decision is affirmed, without costs.