■ JASON SEYMOUR, et al., Appellants, v JULIE HOLCOMB, as City Clerk of the City of Ithaca, et al., Appellants, and NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [811 NYS2d 134]—

Lahtinen, J. Appeal from an order of the Supreme Court

(Mulvey, J.), entered February 24, 2005 in Tompkins County, which, inter alia, granted a cross motion by defendant Department of Health for summary judgment dismissing the complaint and all cross claims against it.

Plaintiffs commenced this action challenging those portions of the marriage laws that limit marriage to one woman and one man. They contend that this constitutes a violation of the Due Process and Equal Protection clauses of the NY Constitution. Defendants City Clerk and the City of Ithaca (hereinafter collectively referred to as the City) agreed with plaintiffs' constitutional contentions and further alleged, among other things, that the Domestic Relations Law does not currently limit marriage to one woman and one man. Plaintiffs and the City moved for summary judgment and defendant Department of Health cross-moved for summary judgment. Supreme Court denied the motions of plaintiffs and the City, but granted the cross motion of the Department of Health (7 Misc 3d 530 [2005]). This appeal ensued.

We affirm. As set forth in *Samuels v New York State Dept. of Health* (— AD3d —, 2006 NY Slip Op 01213 [2006] [decided herewith]), New York's marriage laws do not violate the NY Constitution. Moreover, we find no merit in the City's argument that the Domestic Relations Law does not currently set forth marriage as being between one woman and one man. The specific wording and historical context of Domestic Relations Law articles 2 and 3 (enacted approximately 100 years ago) make clear that the Legislature intended marriage to be between one woman and one man (*see e.g.* Domestic Relations Law §§ 5, 6, 12, 15 [references to "husband," "wife," "groom," "bride"]; *Fearon v Treanor*, 272 NY 268, 271-273 [1936]; *Fisher v Fisher*, 250 NY 313, 316 [1929]; *Matter of Cooper*, 187 AD2d 128, 133 [1993], *appeal dismissed* 82 NY2d 801 [1993]; *Matter of Shields v Madigan*, 5 Misc 3d 901, 904-906 [2004]; *Frances B. v Mark B.*, 78 Misc 2d 112, 116-117 [1974]; *Anonymous v Anonymous*, 67 Misc 2d 982, 984 [1971]; 2004 Ops Atty Gen No. I 2004-1; *cf. Levin v Yeshiva Univ.*, 96 NY2d 484, 503 [2001] [Kaye, Ch. J., concurring in part and dissenting in part] [noting that "homosexual students . . . cannot marry"]; *Matter of Valentine v American Airlines*, 17 AD3d 38 [2005]; *Raum v Restaurant Assoc.*, 252 AD2d 369 [1998], *appeal dismissed* 92 NY2d 946 [1998]). The remaining issues are academic.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 7 Misc 3d 530 (2005).]