[849 NYS2d 105]

In the Matter of the Claim of JOHN R. LANGAN, Appellant, v
STATE FARM FIRE & CASUALTY, Respondent. WORKERS' COM-
PENSATION BOARD, Respondent.

Third Department, December 27, 2007

APPEARANCES OF COUNSEL

*Gibson, Dunn & Crutcher, L.L.P.,* New York City (*Jennifer H. Rearden* of counsel), for appellant.

*Stewart, Greenblatt, Manning & Baez,* Syosset (*David J. Goldsmith* of counsel), for State Farm Fire & Casualty, respondent.

*David S. Buckel, Lambda Legal Defense & Education Fund, Inc.,* New York City, for Lambda Legal Defense & Education Fund, Inc., amicus curiae.

### OPINION OF THE COURT

KANE, J.

Claimant and Neal Conrad Spicehandler (hereinafter decedent) were committed domestic partners from 1986 until decedent's death in 2002. In November 2000, claimant and decedent entered into a civil union in Vermont (*see* Vt Stat Ann, tit 15, § 1201). In February 2002, decedent was struck by a car while he was working for claimant's insurance business, resulting in a serious leg injury. After undergoing surgery on his leg, decedent died. Claimant filed workers' compensation claims for decedent's leg injury, and for death benefits as decedent's surviving spouse pursuant to Workers' Compensation Law § 16 (1-a).*

---

* Claimant also commenced a wrongful death action against the hospital where decedent's surgery was performed. The Second Department dismissed

The workers' compensation carrier accepted the claims as work-related injuries, but questioned whether claimant was decedent's spouse for death benefits purposes. A Workers' Compensation Law Judge found that claimant did not have standing to assert the death benefits claim and the Workers' Compensation Board affirmed.

On claimant's appeal, he makes three arguments: Workers' Compensation Law § 16 (1-a) includes a partner to a civil union as a surviving spouse, the doctrine of comity requires New York to recognize claimant as decedent's surviving spouse for death benefits purposes and, if those arguments are not successful, the deprivation of death benefits to same-sex partners of a civil union violates the Equal Protection Clause of the US Constitution. We address each argument in turn.

■ For purposes of the workers' compensation death benefits provision, which gives first priority to surviving spouses, "the term surviving spouse shall be deemed to mean the legal spouse" of the deceased employee (Workers' Compensation Law § 16 [1-a] [2]). Workers' Compensation Law § 16 does not further define the term "legal spouse" (see Matter of Valentine v American Airlines, 17 AD3d 38, 40 [2005]). In previously reviewing Workers' Compensation Law § 16 (1-a) in the context of a claim for death benefits by a registered domestic partner, we examined the statute's plain language and legislative history and determined that a " 'legal spouse' is a husband or wife of a lawful marriage" (17 AD3d at 40). This interpretation is further supported by language in other subdivisions of the same statute, which provide a certain percentage of the deceased employee's average wages to the surviving spouse during widowhood or widowerhood, with a lump sum payment "upon remarriage" (Workers' Compensation Law § 16 [1-b], [1-c], [2], [2-a]). Clearly, the term "remarriage" assumes that the surviving spouse was previously a party to a marriage. Claimant acknowledges that a civil union is not a marriage (compare Vt Stat Ann, tit 15, § 1201 [2], with § 1201 [4]), and he was not married to decedent. If a party to a Vermont civil union was considered a legal spouse for workers' compensation purposes, the statute would have the anomalous result of allowing a surviving civil union partner to continue collecting surviving spouse benefits even after entering into another civil union, because that new

that action, finding that claimant did not have standing because he does not qualify as a surviving spouse under the EPTL (Langan v St. Vincent's Hosp. of N.Y., 25 AD3d 90 [2005], appeal dismissed 6 NY3d 890 [2006]).

civil union is not considered a "remarriage" that would terminate death benefits. As parties to civil unions are not legal spouses under Workers' Compensation Law § 16, claimant was not statutorily entitled to assert the death benefits claim.

■ The doctrine of comity does not require New York to recognize claimant as decedent's surviving spouse for death benefits purposes. This doctrine is not a mandate to adhere to another state's laws, but an expression of one state's voluntary choice to defer to another state's policy (*see Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574, 580 [1980]). Although we may recognize the civil union status of claimant and decedent as a matter of comity, we are not thereby bound to confer upon them all of the legal incidents of that status recognized in the foreign jurisdiction that created the relationship (*see Langan v St. Vincent's Hosp. of N.Y.*, 25 AD3d 90, 102 [2005, Fisher, J., dissenting], *appeal dismissed* 6 NY3d 890 [2006]). Vermont considers parties to a civil union to be "spouses" under that state's law and provides them with all of the benefits, responsibilities and protections of spouses to a marriage, including workers' compensation benefits (*see* Vt Stat Ann, tit 15, § 1204 [a], [b], [e] [9]). But even under Vermont law, such parties are not part of a marriage (*see* Vt Stat Ann, tit 15, § 1201 [2], [4]). While parties to a civil union may be spouses, and even legal spouses, in Vermont, New York is not required to extend to such parties all of the benefits extended to marital spouses. The extension of benefits entails a consideration of social and fiscal policy more appropriately left to the Legislature (*see Langan v St. Vincent's Hosp. of N.Y.*, 25 AD3d at 95). We therefore decline to recognize, as a matter of comity, all of the legal incidents of a civil union that Vermont law provides to such parties in that state.

■ Having reached the conclusions that Workers' Compensation Law § 16 does not include parties to civil unions as spouses and that we should not extend death benefits to such parties as a matter of comity, we now determine that the deprivation of death benefits to the surviving party of a civil union does not violate the Equal Protection Clause of the US Constitution (*see* US Const, 14th Amend, § 1). Using the rational basis test to review this allegation of sexual orientation discrimination, the "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest" (*Cleburne v Cleburne Living Center, Inc.*, 473 US 432, 440 [1985]; *see Romer v Evans*, 517 US 620,

631-633 [1996]; *Matter of Valentine v American Airlines*, 17 AD3d at 42). Claimant bears the burden of rebutting this presumption of constitutionality by demonstrating that the denial of death benefits to parties to a civil union serves no legitimate governmental purpose (*see Langan v St. Vincent's Hosp. of N.Y.*, 25 AD3d at 92-93; *Matter of Valentine v American Airlines*, 17 AD3d at 41). Prior case law "established that confining marriage and all laws pertaining either directly or indirectly to the marital relationship to different sex couples is not offensive to the Equal Protection Clause" (*Langan v St. Vincent's Hosp. of N.Y.*, 25 AD3d at 93; *see Baker v Nelson*, 291 Minn 310, 313-314, 191 NW2d 185, 187 [1971], *appeal dismissed* 409 US 810 [1972]; *Matter of Cooper*, 187 AD2d 128, 133-134 [1993], *appeal dismissed* 82 NY2d 801 [1993]; *see also Hernandez v Robles*, 7 NY3d 338, 363-365 [2006]).

Claimant has not set forth any basis for us to depart from precedent. We previously held that Workers' Compensation Law § 16 does not differentiate on the basis of sexual orientation, but on the basis of legal status, and that this classification was rationally related to the state's interest in "swift and orderly processing of death benefit claims" (*Matter of Valentine v American Airlines*, 17 AD3d at 42). While that rationale of administrative efficiency was persuasive in the context of domestic partners, a relationship that could be difficult to define in terms of rights and responsibilities and thus delay the payment of benefits (*see id.*), existence of a Vermont civil union is easily evidenced by a license and a Vermont Department of Health certificate of civil union, similar to proof of a marriage in New York, and the rights of such partners are extensively defined under Vermont law. Even so, there may be other legitimate state interests served by limiting death benefits to marital spouses.

Workers' compensation provides a safety net to a surviving spouse (*see Matter of Landon v Motorola, Inc.*, 38 AD2d 18, 20 [1971], citing *Matter of Post v Burger & Gohlke*, 216 NY 544, 553 [1916]). It would not be unreasonable to conclude that the Worker's Compensation Law was enacted, in part, to encourage and protect the traditional family constellation of husband, wife and children. Survivor benefits to the homemaker/child-rearing spouse, who was traditionally not employed or was employed part time, protects that spouse from destitution upon the death of the family breadwinner. It also compensates that spouse for sacrificing his or her own career by remaining at home to raise

children. Although some may argue that same-sex couples are as capable of creating a family unit and raising children as opposite-sex couples, the Court of Appeals has already determined that the Legislature's decision to limit marriage to opposite-sex couples is rationally related to this legitimate interest and withstands rational basis scrutiny (*see Hernandez v Robles*, 7 NY3d at 365). The decision to extend workers' compensation death benefits to a whole new class of beneficiaries, i.e., survivors of same-sex unions, is a decision to be made by the Legislature after appropriate inquiry into the societal obligation to provide such benefits and the financial impact of such a decision. As the statute is rationally related to a legitimate state interest, claimant has not met his burden.

Rose, J. (dissenting). I respectfully dissent as to the majority's conclusion that the doctrine of comity does not require New York to recognize claimant as decedent's surviving spouse for purposes of the death benefits afforded by Workers' Compensation Law § 16 (1-a).

While I certainly agree that the valid Vermont civil union entered into by claimant and decedent does not bind us to confer upon them "all of the incidents which the other jurisdiction attaches to such status" (*Matter of Chase*, 127 AD2d 415, 417 [1987]), claimant is not seeking such an incident here. He does not ask us to confer workers' compensation death benefits simply because Vermont would confer them. Rather, claimant asks us only to recognize the legal status of spouse afforded to him by Vermont, as a matter of comity. Once that status is recognized, New York law provides the legal incidents to which claimant would be entitled, including workers' compensation death benefits.

There appears to be no real disagreement that Vermont has defined its civil union as a spousal relationship and conferred upon claimant the legal status of spouse (*see* Vt Stat Ann, tit 15, § 1204 [b]), or that the doctrine of comity requires our recognition of a legal status acquired under the laws of another state (*see Matter of Chase*, 127 AD2d at 417). Nor is there any disagreement that Workers' Compensation Law § 16 affords a death benefit to a spouse. Where we diverge appears to be over the question of whether claimant can be a qualifying "legal spouse" in New York in view of our prior holding in *Matter of Valentine v American Airlines* (17 AD3d 38, 40 [2005]), and the use of the term "remarriage" in Workers' Compensation Law § 16 (1-b).

In *Matter of Valentine v American Airlines* (17 AD3d at 40), we dealt only with domestic partnerships, holding that a domestic partner does not fall within the definition of "legal spouse" for purposes of Workers' Compensation Law § 16 (1-a). There, unlike here, we were required to determine the legal status of domestic partners because no authority in New York had considered it. Due to the absence of a statutory definition of "legal spouse," we turned to dictionary definitions to find its meaning and concluded that it excluded domestic partners (17 AD3d at 40). We did not consider the legal status of Vermont civil union spouses. While Vermont civil unions are not marriages, they are formal spousal relationships between same-sex couples which are sanctioned and recognized by that state (*see* Vt Stat Ann, tit 15, § 1201), require a court proceeding to dissolve (*see* Vt Stat Ann, tit 15, § 1206) and obligate each party to provide for the support of the other (*see* Vt Stat Ann, tit 15, § 1204 [c]). Thus, here, we need not construe the term "legal spouse" because a state legislature clearly has conferred that status on claimant, and we need only apply our doctrine of comity to give it effect.

As for the implications of the term "remarriage," it is significant that marriage was the only legally recognized spousal relationship in the United States when Worker's Compensation Law § 16 was first drafted (*see* L 1913, ch 816) and, thus, the term "remarriage" covered the only conceivable event that could replace the support obligation lost upon a first spouse's death. Since a civil union is now an alternate way to become a legal spouse and replace that obligation, an anomalous result could occur under the majority's strict reading of the statute even if civil union spouses were excluded from workers' compensation death benefits. Under the majority's construction, the term "remarriage" would mean that, upon later entry into a civil union, the surviving spouse of a marriage would not face termination of death benefits because it would not be a remarriage. That result can be avoided by reading the term "remarriage" to mean entry into a subsequent marriage or civil union, thereby treating all spouses the same. The term "remarriage" would then no longer imply that a surviving spouse could only have been previously married rather than having entered a civil union. Such an interpretation of "remarriage," while expansive, would avoid the anomaly, not be unreasonable and, in my view, be preferable "[s]ince the Workers' Compensation Law must be liberally construed in favor of employees in order

to achieve its humanitarian purpose" (*Matter of Lashlee v Pepsi-Cola Newburgh Bottling*, 301 AD2d 879, 881 [2003]).

For these reasons, I would recognize claimant's status as a surviving spouse and, if the constitutional issue were not thereby rendered moot, find a violation of the Equal Protection Clause of the US Constitution, requiring annulment and remittal of the Workers' Compensation Board's decision.

CREW III, J.P., MUGGLIN and LAHTINEN, JJ., concur with KANE, J.; ROSE, J., dissents in a separate opinion.

Ordered that the decision is affirmed, without costs.