GOULD H. THORP, Appellant, *v.* LAURA M. THORP, Respondent.

It is no defense to an action for divorce *a vinculo* where the parties were married in another State, that, by a decree of divorce dissolving a former marriage of plaintiff, he was prohibited from marrying again at the time the second marriage was contracted ; and this, although it appears that the parties were, at the time of their marriage, residents of this State, and for the purpose of evading its law went to the other State, returning hither immediately after their marriage and have since lived in this State.

The marriage, if valid under the laws of the State where it was contracted, is valid here, and every right and privilege growing out of the relation so established attaches to each party thereto.

*Thorp* v. *Thorp* (15 J. & S. 80), reversed.

(Argued November 20, 1882 ; decided December 28, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 3, 1881, which affirmed a judgment in favor of defendant, entered upon an order of Special Term denying a

motion to confirm the report of a referee, and dismissing plaintiff's complaint. (Reported below, 15 J. & S. 80.)

This action was brought for absolute divorce, on the ground of adultery. The marriage took place in Philadelphia, State of Pennsylvania, September 11, 1875, since which time the parties have resided in this State, where the acts of adultery were alleged to have been committed.

The answer, among other defenses, sets up a former marriage of the plaintiff with one Emma C. Thorp in 1855, and a judgment of divorce, in an action brought by her against him for adultery, in the Supreme Court of Kings county, and a decree granting such divorce, entered in November, 1861, in the usual form, forbidding the defendant therein (plaintiff here) to marry again during the life-time of said Emma C. Thorp, and that his former wife was living when the plaintiff married this defendant, and that the decree remains in full force.

It is further alleged "that, though both this defendant and the plaintiff herein were, on the 11th day of September, 1875, residents of this State, they went to Philadelphia to be married, with the intent to return immediately to this State, in order that the plaintiff herein might, if possible, escape the consequences of disobedience of the said decree of the said Supreme Court of the State of New York."

And this defendant is informed and believes that by reason of the facts above set forth the plaintiff herein is not entitled to the equitable interposition and relief demanded in this action. The issues were referred to a referee to hear and determine. The referee found, among other things, that the plaintiff and defendant were married in the city of Philadelphia, in the State of Pennsylvania, in accordance with the laws of that State. That the parties, at the time of their marriage, were residents of the State of New York and inhabitants of said State up to the date of the commencement of this action. That the defendant was guilty of the adultery charged and, as a matter of law, the plaintiff is entitled to a judgment and decree dissolving the marriage contract between the parties.

A motion having been made at a Special Term to confirm the report of the referee and for judgment for the plaintiff for the relief demanded in the complaint, the court disagreed with the referee in his legal conclusion, and it was ordered that the motion be denied and the complaint dismissed, with costs.

*D. M. Porter* for appellant. The marriage in Pennsylvania was a valid marriage. (*Van Voorhis* v. *Brintnall*, 86 N. Y. 18; *Starr* v. *Peck*, 1 Hill, 270; *Throop* v. *Hatch*, 3 Abb. Pr. 23; *Abell* v. *Douglass*, 4 Denio, 305; *Holmes* v. *Broughton*, 10 Wend. 75; *Van Storch* v. *Griffin*, 71 Penn. St. 240; *Phillips* v. *Gregg*, 10 Watts, 158; *Andrews* v. *Herriott*, 4 Cow. 508, note *a*, 512.) Our legislature has no extra-territorial jurisdiction, and when it forbids, in unqualified terms, the doing of·an act, it must always be understood that the thing is only forbidden within this State. (*Charles* v. *The People*, 1 Comst. 180, 184; *Sims* v. *Sims*, 75 N. Y. 466; *Nat. Trust Co.* v. *Gleason*, 77 id. 400; *Van Voorhis* v. *Brintnall*, 86 id. 18; *W. T. & C. Co.* v. *Kilderhouse*, 87 id. 430.) The rights and incidents of a marriage, in the country where celebrated, shall follow and be allowed everywhere. (*Royal Bk. of Scotland* v. *Cuthbert*, 1 Rose's Cas. B'k App. 481; *Andrews* v. *Herriott*, 4 Cow. 508, note *a*, 512.) The marriage of the parties was not contrary to the laws of this State, or of any State, nor contrary to the judgment in the case of Emma C. Thorp against the plaintiff, because the laws of this State and the prohibition in such judgment had no force out of the State. (*Van Voorhis* v. *Brintnall*, 86 N. Y. 18; *Charles* v. *The People*, 1 Comst. 180, 184; *Sims* v. *Sims*, 76 N. Y. 466; *Nat. Trust Co.* v. *Gleason*, 77 id. 400; *W. T. & C. Co.* v. *Kilderhouse*, 87 id. 430.) It is no contempt of the laws of this State, or of the prohibition contained in said judgment, because it contained no injunction, but was a mere penalty only prohibiting a marriage in this State. (*Van Voorhis* v. *Brintnall*, 86 N. Y. 18; *Kinnier* v. *Kinnier*, 45 id. 535, 543.) Even if the marriage had been solemnized in this State, it would not have been void, and the plaintiff

might be convicted of a misdemeanor. (*People* v. *Hovey*, 5 Barb. 117; *Butler* v. *Niles*, 35 How. Pr. 329; *People* v. *Sturtevant*, 9 N. Y. 263.)

*Alvin Burt* for respondent.   Notwithstanding the validity of the marriage, the plaintiff was in contempt for marrying in violation of the decree to which he was a party. (*Marshal* v. *Marshall*, 2 Hun, 238.)   The relief demanded in the complaint should be denied the plaintiff on principles of policy. (R. S., § 49, art. 3, tit. 1, chap. 8; *Cropsy* v. *Ogden*, 11 N. Y. 228, 235.)   The plaintiff and defendant were both in the wrong in marrying contrary to the decree of the Supreme Court, rendering it extremely improper for the court to afford the plaintiff any relief. (*Kerrison* v. *Kerrison*, 8 Abb. N. C. 444.)

TRACY, J.   The case of *Van Voorhis et al.* v. *Brintnall et al.* (86 N. Y. 18; 40 Am. Rep. 505) decides all the questions involved in this case, and makes necessary the reversal of the judgment in the court below.   It was there held and determined by this court that the validity of a marriage contract is to be determined by the law of the State where it is entered into.   If valid there, it is to be recognized as such in the courts of this State, unless contrary to the prohibitions of natural law or the express prohibitions of a statute.   And it was further held that where, by a judgment of the Supreme Court of this State, a marriage between E. and B. was dissolved on the ground of the adultery of the latter, the decree of divorce adjudging it to be unlawful for him to marry during the life of E., and thereafter, during her life, he went to Connecticut and married I., both being residents of this State, having gone out of it for the purpose of evading its laws, returning to it on the day of the marriage, and thereafter residing here, which marriage was valid under the laws of Connecticut, the marriage was valid by the laws of this State, and that a child of the second marriage born in this State was legitimate, and entitled to share with the children of the first marriage in a devise to the issue

of B. It was also held that the provisions of the Revised Statutes (2 R. S. 139, § 5 ; id. 146, § 49) prohibiting the second marriage of a person divorced on the ground of his or her adultery during the life of the former husband or wife, and declaring such marriage void, had no application, as they are in the nature of a penalty, and have no effect outside of the State in the absence of the express terms of the statute showing legislative intent to give them that effect.

The referee has found as a fact that the plaintiff and defendant were lawfully married in Philadelphia, according to the laws of the State of Pennsylvania.

It is insisted, however, by counsel for the respondent that notwithstanding the validity of the plaintiff's marriage, he is in contempt for marrying in violation of the decree entered in the action of his former wife against him, and that it was obligatory on the court below to deny the plaintiff its equitable relief when he comes therein and asks to be relieved from the obligation which he has assumed contrary to its express command. But the answer to this proposition is that in the case already cited it was held by this court that neither the decree nor the statute which authorized it had any effect outside the jurisdiction of this State. That the disqualification to marry again, like the disqualification imposed by statute upon a person convicted of a felony, to testify, is imposed as an additional punishment for the offense of which he has been convicted, and neither has any force or effect beyond the territory limits of the State in which it is imposed ; and, as a judgment recovered in this State upon the evidence of a witness disqualified to testify by the laws of Ohio, being sent there to be enforced, must have the same force and effect as if it had been recovered upon the evidence of witnesses competent to testify according to the laws of Ohio, so a marriage which if celebrated in this State would have been void as having been contracted in violation of the statutes of the State, being celebrated in Ohio and valid according to the laws of that State must be regarded as valid here ; and to each party thereto every right and privilege growing out of the relation so established must attach.

It follows that if the findings of the referee are confirmed by the court at Special Term, the plaintiff is entitled to a judgment dissolving the marriage.

The judgment of General Term should be reversed, and the case remitted to the Special Term.

All concur, except RAPALLO, J., absent.

Judgment reversed.