In the Matter of the Claims of BEATRICE M. FISHER, Respondent, and ALICE L. FISHER, Appellant, against CHEVROLET-BUFFALO DIVISION OF GENERAL MOTORS CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits to the widow of a deceased employee. Reversal is asked upon the ground that the woman, to whom the award was made, was not legally married to the deceased employee. The evidence fails to show that the marriage was invalid in the State where contracted. The evidence sustains the finding of the Board that she was the widow. Award unanimously affirmed, with costs to the State Industrial Board against the self-insured employer. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Application of ARTHUR J. SHEA and Others, Appellants, for an Order Pursuant to Article 78 of the Civil Practice Act, against THE STATE RACING COMMISSION OF THE STATE OF NEW YORK and the STATE CIVIL SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.— This is an appeal from an order of the Albany County Special Term which denied petitioners-appellants' petition for an order requiring the State Racing Commission and the State Civil Service Commission to appoint petitioners-appellants to positions as inspectors for the Racing Commission. The petitioners-appellants contend that the position of inspector for the Racing Commission should be filled by competitive civil service examination. The Civil Service Commission has determined that one inspector, whose duties are administrative, should be in the competitive class and such inspector was appointed after a competitive examination. The Commission determined that by reason of the seasonal and confidential nature of the positions of the several other inspectors they should be classified in the non-competitive class. The action of the Civil Service Commission is not shown to have been palpably erroneous or illegal and such action will not be disturbed. There is nothing in the record to indicate that the action of the Commission was unlawful, arbitrary or capricious, and its actions in declaring that the position of inspector is a confidential one and should be in the non-competitive class is a reasonable determination. The order appealed from should be affirmed. Order unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.