Foster, P. J.
Appeal by employer and insurance carrier from an award of death benefits to claimant-respondent as the widow of a deceased employee, Edward W. Nichols.
The sole issue is whether claimant-respondent is the legal widow of the decedent.
On March 24,1920, she married Robert Engelhardt at Buffalo, New York. On June 25, 1929, he secured a decree of divorce against her in the State of New York. She appeared in the action but offered no defense. The decree prohibited her remarriage within the lifetime of the plaintiff.
On July 8, 1939, during the lifetime of Engelhardt, she married the deceased employee, Edward W. Nichols, at Northeast in the State of Pennsylvania. The ceremony was performed by a justice of the peace, and thereafter claimant-respondent and Nichols returned to the State of New York, and lived together as man and wife until the latter died of accidental injuries on August 20, 1947.
Appellants contend that the marriage of claimant-respondent in Pennsylvania was void under the laws of that State. In partial support of their contention they cite this Pennsylvania statute: “ ‘ The husband or wife, who shall have been guilty of the crime of adultery, shall not marry the person with whom the said crime was committed during the life of the former wife or husband * * * ’ (1815, P. L. 150; 48 [Purdon’s] Statutes, p. 124, section 169).”
We find the terms of the statute cited inapplicable to this case. There is no proof that claimant-respondent was ever convicted of the crime of adultery, and the finding of adultery by a court in a private civil action is not a substitute for a judgment of conviction. Moreover there is no competent proof in the record before us that the decedent was the corespondent named in the divorce suit.
Appellants also cite the case of Wagner v. Wagner (152 Pa. Superior Ct. 4) in which the lower court, reported in 58 Montgomery County Law Reporter, page 18, held “ the Commonwealth of Pennsylvania will give full faith and credit to the New York decree and will refuse to declare legal a purported common-law marriage entered into in Pennsylvania between the respondent and the corespondent ”. Whether the Superior Court affirmed on that or some other ground we cannot say, but we *230 cannot regard the citation of this single context, which is of doubtful application, as sufficient to call for a reversal of our own former decision on the subject matter (Matter of Fisher v. Chevrolet-Buffalo Division of General Motors Corp., 263 App. Div. 783). No legislative action by the State of Pennsylvania, other than we have already mentioned, has been cited as a reason why the rule long accepted in the State of New York should now be changed (Thorp v. Thorp, 90 N. Y. 602; Fisher v. Fisher, 250 N. Y. 313).
The award should be affirmed.
Heffernan, Brewster, Santry and Bergan, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board.