Van Voorhis, J.
(dissenting). This is an action on a judgment obtained in another State for alienation of the affections of plaintiff’s husband. Defendant appeals from a judgment on the pleadings. The answer, which has been stricken as insufficient in law, alleges that many of the acts alleged in the complaint in the other State are pleaded as having occurred in New York State. Sections 61-a to 61-i of our Civil Practice Act are cited, outlawing causes of action for alienation of affections as contrary to our public policy. In particular, section 61-d is relied upon stating that “No act hereafter done within this state shall operate to give rise, either within or without this state, to any of the rights of action abolished by this article.”
The only situations in which this section could be applied would be similar to this case, where an attempt is made to enforce a judgment obtained in another State by reason of transactions of this nature occurring in this State. The order appealed from, in effect, holds this section of the Civil Practice Act to be unconstitutional as violating the full faith and credit clause of the Federal Constitution. The constitutionality of section 61-d of the New York State Civil Practice Act is, of course, presumed (Borden's Co. v. Baldwin, 293 U. S. 194). This is not the case of a judgment of another State altering or adjudicating a question of marital status (Thorp v. Thorp, 90 N. Y. 602; Fisher v. Fisher, 250 N. Y. 313). It is a personal judgment for the recovery of a sum of money by one individual against another, based mainly upon transactions occurring in New York State and rendered contrary to the established public policy of New York State. Under such circumstances, the full faith and credit clause is not an inexorable or unqualified command (Pink v. A. A. A. Highway Express, 314 U. S. 201). In our view, we are not required to give effect to this judgment of the Vermont court (Alaska Packers Assn. v. Commission, 294 U. S. 532, 546; Wisconsin v. Pelican Ins. Co., 127 U. S. 265; Mertz v. Mertz, 271 N. Y. 466; Hon. Robert H. Jackson, Cardozo Lecture, 45 Col. L. Rev., Jan., 1945, pp. 1-34).
*875 The judgment appealed from should be reversed, with costs in all courts, and plaintiff’s motion for judgment on the pleadings should be denied.
Appeal dismissed.