[850 NYS2d 740]

PATRICIA MARTINEZ, Appellant, v COUNTY OF MONROE et al.,
Respondents.

Fourth Department, February 1, 2008

### APPEARANCES OF COUNSEL

*Jeffrey Wicks, PLLC*, Rochester (*Jeffrey Wicks* of counsel), for plaintiff-appellant.

*Daniel M. DeLaus, County Attorney*, Rochester (*Michael E. Davis* of counsel), for defendants-respondents.

*Andrew M. Cuomo, Attorney General*, Albany (*Sasha Samberg-Champion* of counsel), amicus curiae, in support of plaintiff-appellant.

### OPINION OF THE COURT

PERADOTTO, J.

I

On July 5, 2004, plaintiff, an employee of defendant Monroe

Community College (MCC), married her same-sex partner, Lisa Ann Golden, in the Province of Ontario, Canada. Defendants do not dispute that the marriage is valid under the laws of Canada and the Province of Ontario. On the basis of that marriage, plaintiff applied to MCC on July 7, 2004 for spousal health care benefits for Golden. MCC admittedly provided health care benefits for the opposite-sex spouses of its employees. On November 24, 2004, defendant MCC director of human resources Sherry Ralston denied plaintiff's application for spousal health care benefits.

Plaintiff commenced this action seeking, inter alia, a declaration that defendants' failure to recognize her marriage for purposes of her spousal health care benefits application violated her rights under the Equal Protection Clause of the New York State Constitution and Executive Law § 296 and damages incurred as a result of those violations. Defendants moved for summary judgment dismissing the first amended complaint, and plaintiff cross-moved for partial summary judgment on the first amended complaint. Supreme Court granted defendants' motion to the extent of granting judgment in favor of defendants declaring that plaintiff's marriage is not entitled to recognition in New York and that defendants did not violate the Equal Protection Clause or Executive Law § 296 in refusing to recognize plaintiff's marriage for the purposes of plaintiff's application for spousal health care benefits. On appeal, plaintiff contends that her valid Canadian marriage is entitled to recognition in New York. We agree.

## II

For well over a century, New York has recognized marriages solemnized outside of New York unless they fall into two categories of exception: (1) marriage, the recognition of which is prohibited by the "positive law" of New York and (2) marriages involving incest or polygamy, both of which fall within the prohibitions of "natural law" (*Matter of May*, 305 NY 486, 491; *see Moore v Hegeman*, 92 NY 521, 524 [1883]; *Thorp v Thorp*, 90 NY 602, 605 [1882]; *see generally Van Voorhis v Brintnall*, 86 NY 18, 24-26 [1881]). Thus, if a marriage is valid in the place where it was entered, "it is to be recognized as such in the courts of this State, unless contrary to the prohibitions of natural law or the express prohibitions of a statute" (*Moore*, 92 NY at 524; *see also Thorp*, 90 NY at 606; *Van Voorhis*, 86 NY at 25-26). Under that "marriage-recognition" rule, New York has recognized a marriage between an uncle and his niece "by the

half blood" (*May*, 305 NY at 488), common-law marriages valid under the laws of other states (*see Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292-293 [1980]), a marriage valid under the law of the Province of Ontario, Canada of a man and a woman both under the age of 18 (*see Donohue v Donohue*, 63 Misc 111, 112-113 [1909]), and a "proxy marriage" valid in the District of Columbia (*Fernandes v Fernandes*, 275 App Div 777 [1949]), all of which would have been invalid if solemnized in New York.

We conclude that plaintiff's marriage does not fall within either of the two exceptions to the marriage-recognition rule. "[A]bsent any New York statute expressing clearly the Legislature's intent to regulate within this State marriages of its domiciliaries solemnized abroad, there is no positive law in this jurisdiction" to prohibit recognition of a marriage that would have been invalid if solemnized in New York (*May*, 305 NY at 493 [internal quotation marks omitted]; *see also Van Voorhis*, 86 NY at 37). The Legislature has not enacted legislation to prohibit the recognition of same-sex marriages validly entered into outside of New York, and we thus conclude that the positive law exception to the general rule of foreign marriage recognition is not applicable in this case.

The natural law exception also is not applicable. That exception has generally been limited to marriages involving polygamy or incest or marriages "offensive to the public sense of morality to a degree regarded generally with abhorrence" (*May*, 305 NY at 493), and that cannot be said here.

Defendants nevertheless contend that recognition of plaintiff's same-sex marriage is contrary to the public policy of New York, as articulated by the Court of Appeals in *Hernandez v Robles* (7 NY3d 338 [2006]), and thus falls within an exception to the rule requiring recognition of valid foreign marriages. We reject that contention. *Hernandez* does not articulate the public policy for which it is cited by defendants, but instead holds merely that the New York State Constitution does not *compel* recognition of same-sex marriages solemnized in New York (*see id.* at 356). The Court of Appeals noted that the Legislature *may* enact legislation recognizing same-sex marriages (*see id.* at 358-359) and, in our view, the Court of Appeals thereby indicated that the recognition of plaintiff's marriage is not against the public policy of New York. It is also worth noting that, unlike the overwhelming majority of states, New York has not chosen, pursuant to the federal Defense of Marriage Act (28 USC § 1738C),

to enact legislation denying full faith and credit to same-sex marriages validly solemnized in another state.

Thus, we conclude that plaintiff's marriage to Golden, valid in the Province of Ontario, Canada, is entitled to recognition in New York in the absence of express legislation to the contrary. As the Court of Appeals indicated in *Hernandez*, the place for the expression of the public policy of New York is in the Legislature, not the courts (*see* 7 NY3d at 361, 366). The Legislature may decide to prohibit the recognition of same-sex marriages solemnized abroad. Until it does so, however, such marriages are entitled to recognition in New York.

## III

■ Having concluded that plaintiff's marriage to Golden is entitled to recognition in New York, we further conclude that, by refusing to recognize plaintiff's valid Canadian marriage, defendants violated Executive Law § 296 (1) (a), which forbids an employer from discriminating against an employee "in compensation or in terms, conditions or privileges of employment" because of the employee's sexual orientation. Defendants' contention that the discrimination to which plaintiff was subject is based not on her sexual orientation but on her marital status is circular in its reasoning. The sole reason for defendants' rejection of the marital status of plaintiff is her sexual orientation, and defendants thus violated Executive Law § 296 (1) (a). In light of our decision, we need not, and do not, consider plaintiff's contention that defendants also violated the Equal Protection Clause of the New York State Constitution (*see generally People v Harris*, 98 NY2d 452, 496-497 [2002]; *People v Felix*, 58 NY2d 156, 161 [1983], *appeal dismissed* 464 US 802 [1983]).

## IV

We reject defendants' further contention that plaintiff's appeal is moot. In our view, there is an issue of fact with respect to the monetary damages that plaintiff allegedly sustained during the years 2004 and 2005 as a result of defendants' denial of her spousal health care benefits application. Those damages are not diminished by the fact that, on January 1, 2006, Golden began receiving health care benefits pursuant to a new provision providing therefor in the contract under which plaintiff is employed by MCC. Plaintiff may be entitled to money damages for the period during which her application for spousal health

care benefits was wrongfully denied, and the appeal is not moot inasmuch as "the rights of the parties will be directly affected by the determination of the appeal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

## V

■ Finally, we reject the contention of defendants that their decision to deny plaintiff's application for spousal health care benefits is protected by governmental immunity. Even assuming, arguendo, that the doctrine applies to the facts of this case, we conclude that the denial of plaintiff's application was not a discretionary act but instead was an erroneous legal determination with respect to the ministerial action that was required. Defendants therefore are not protected by governmental immunity (*see generally Haddock v City of New York*, 75 NY2d 478, 484 [1990]; *Tango v Tulevech*, 61 NY2d 34, 40-41 [1983]).

## VI

Accordingly, we conclude that the judgment should be reversed, defendants' motion for summary judgment denied in its entirety, plaintiff's cross motion for partial summary judgment granted in part, and judgment granted in favor of plaintiff declaring that plaintiff's marriage to Lisa Ann Golden in the Province of Ontario, Canada is entitled to recognition in New York.

HURLBUTT, J.P., MARTOCHE, FAHEY and GREEN, JJ., concur.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, the cross motion is granted in part, and judgment is granted in favor of plaintiff as follows:

It is adjudged and declared that plaintiff's marriage to Lisa Ann Golden in the Province of Ontario, Canada is entitled to recognition in New York State.