OPINION OF THE COURT
Joan S. Kohout, J.
A petition was filed on December 3, 2008 by Donna R. S. requesting that she be certified as a qualified adoptive parent *339 pursuant to Domestic Relations Law § 115-d for the purpose of accepting placement of a child for a private placement adoption. The petition does not identify a particular adoptive child.
Attached to Ms. S.’s petition is a copy of a marriage certificate showing that on July 4, 2007 Ms. S. was married to Lisa E in Niagara-on-the-Lake, Ontario, Canada. The court has also received a favorable preadoption homestudy prepared by Karen Rabish, LCSW-R. In the homestudy, Ms. Rabish states: “Donna’s motivation for this [precertification] is to legally adopt her partner Lisa’s baby who is due to be born in March 2009.” Ms. Rabish reports that the baby was conceived through intrauterine insemination.
While the court finds that the petition, attachments and the homestudy support a determination that Ms. S. is well qualified to be precertified to receive an adoptive child, it is the court’s view that precertification is not required when the petitioner is married to the mother of a child conceived by artificial insemination.
Although New York State does not currently permit same-sex couples to marry, recently developing case law has held that the marriage of same-sex couples legally married in other jurisdictions must be recognized by New York (see Martinez v County of Monroe, 50 AD3d 189 [4th Dept 2008], lv dismissed 10 NY3d 856 [2008]; see also C.M. v C.C., 21 Misc 3d 926 [Sup Ct, NY County 2008]). Additionally, New York State agencies have been directed by Governor David Faterson in a memorandum dated May 14, 2008 to apply statutes and regulations in a gender neutral manner to same-sex parties validly married in another jurisdiction (see e.g. Ops Gen Counsel NY Ins Dept No. 08-11-05 [Nov. 2008] [stating that “(s)ame-sex parties to marriages validly performed outside of New York must be treated as ‘spouses’ for purposes of the New York Insurance Law, including all provisions governing health insurance”]).
Since Ms. S. is the spouse of Ms. E, she will at the very least be considered a stepparent to Ms. E’s child after the child’s birth. Stepparents are not required to be precertified as qualified adoptive parents for the purpose of adopting their spouse’s child. Domestic Relations Law § 115-d (8) eliminates the precertification requirement as long as the proposed adoptive child has lived with the stepparent and the birth parent for at least one year prior to the granting of an adoption. The waiting period presumably may be waived upon a proper application to the court. Moreover, pursuant to Domestic Relations Law § 73 a *340 child born to a married woman by artificial insemination is deemed the legal child of the husband if both spouses execute a consent to that effect. Given the holding in Martinez, it would seem that by the simple execution of a consent, Ms. S. could become the baby’s legal parent without the necessity of an adoption.
Nonetheless, the petition for precertification and attachments are legally sufficient and the homestudy describes in detail the excellent qualifications of Ms. S. to be a parent. Therefore, the petition is granted and Ms. S. is approved as a qualified adoptive parent pursuant to Domestic Relations Law § 115-d. This order is effective until May 6, 2010.