[897 NYS2d 298]

AUDREY JUANITA DICKERSON, Appellant, v SONYA DENISE THOMPSON, Respondent.

Third Department, March 18, 2010

## APPEARANCES OF COUNSEL

*Amy Schwartz, Empire Justice Center,* Rochester, and *Geri Pomerantz,* East Greenbush, for appellant.

*Thomas W. Ude, Jr., Lambda Legal Defense and Education Fund, Inc.,* New York City, for Lambda Legal Defense and Education Fund, Inc., amicus curiae.

## OPINION OF THE COURT

PETERS, J.

The narrow issue before us is whether Supreme Court has subject matter jurisdiction to entertain an action for equitable and declaratory relief seeking dissolution of a civil union validly entered into outside of this state. We hold that it does.

In April 2003, plaintiff and defendant traveled to Vermont and entered into a civil union in accordance with Vermont law (*see* Vt Stat Ann, tit 15, § 1201). The parties were residents of New York at all times during their relationship and neither party ever resided in Vermont. In the years that followed, the parties' relationship began to deteriorate and they ceased cohabitation in April 2006.

Unable to obtain a dissolution of the civil union in Vermont since that state's civil union law requires that one of the parties be a resident of Vermont for one year preceding the date of the final hearing (*see* Vt Stat Ann, tit 15, §§ 592, 1206), plaintiff commenced this action in November 2007 for equitable and declaratory relief seeking dissolution of the civil union and a declaration freeing her of all the benefits, protections and responsibilities incident thereto. After defendant failed to appear in the action, plaintiff moved ex parte for a default judgment granting the requested relief. Supreme Court, sua sponte, raised the issue of whether it had subject matter jurisdiction over the action and, after hearing from plaintiff on the question, issued an order dismissing plaintiff's complaint for lack of subject matter jurisdiction. In so doing, Supreme Court found that New York's public policy "does not recognize any legal relationship between same-sex partners, does not confer any rights or impose any obligations on such a relationship and does not afford any means by which to dissolve such a relationship." This appeal by plaintiff ensued.

Plaintiff and amicus* maintain that, as a matter of comity, New York should recognize her Vermont civil union status for the limited purpose of adjudicating this action to dissolve it. "The doctrine of comity is not a rule of law, but one of practice, convenience and expediency. It does not of its own force compel a particular course of action. Rather, it is an expression of one [s]tate's entirely voluntary decision to defer to the policy of another" (*Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574, 580 [1980] [internal quotation marks and citations omitted]; *see De Rose v New Jersey Tr. Rail Operations*, 165 AD2d 42, 44-45 [1991]). Thus, a determination of whether New York is to give effect to another state's governmental acts is based on whether such acts are consistent with New York's public policy (*see Crair v Brookdale Hosp. Med. Ctr., Cornell Univ.*, 94 NY2d 524, 528-529 [2000]; *Ehrlich-Bober & Co. v University of Houston*, 49 NY2d at 580).

New York's "public policy" has long been defined as " 'the law of the [s]tate, whether found in the Constitution, the statutes or judicial records' " (*Mertz v Mertz*, 271 NY 466, 472 [1936], quoting *People v Hawkins*, 157 NY 1, 12 [1898]; *accord Lewis v New York State Dept. of Civ. Serv.*, 60 AD3d 216, 222 [2009], *affd* 13 NY3d 358 [2009]). Today, the public policy of our state protects same-sex couples in a myriad of ways. Two provisions of the Public Health Law define a domestic partner to include one who is "formally a party in a domestic partnership or *similar relationship* with the other person, *entered into pursuant to the laws of the United States or of any state, local or foreign jurisdiction*" (Public Health Law § 2805-q [2] [a]; § 4201 [1] [c] [i] [emphasis added]). Thus, parties to a civil union cannot be denied hospital visitation rights (*see* Public Health Law § 2805-q) and have the right to determine the disposition of one another's remains (*see* Public Health Law § 4201 [2] [a] [ii-a]). Furthermore, New York City's Domestic Partnership Law, which defines "domestic partners" to include members of a civil union (*see* Administrative Code of City of NY § 3-240 [a]), forbids partners in a civil union from entering into a domestic partnership with anyone else (*see* Administrative Code § 3-241).

Our state has also evidenced a clear commitment to respect, uphold and protect parties to same-sex relationships by executive and local orders extending recognition to same-sex couples and granting benefits accordingly (*see e.g.* Directive of Governor

---

* An amicus brief was filed by Lambda Legal Defense and Education Fund, Inc.

Paterson, Memorandum from David Nocenti to All Agency Counsel Regarding Decision in Same-Sex Marriages, May 14, 2008; Westchester County Executive Order No. 3 of 2006; Executive Order [Pataki] No. 113.30 [9 NYCRR 5.113] [surviving same-sex partners entitled to same benefits as spouses from State's Crime Victims Board]; *see also B.S. v F.B.*, 25 Misc 3d 520, 531 n 11 [Sup Ct, Westchester County 2009]; *Golden v Paterson*, 23 Misc 3d 641 [Sup Ct, Bronx County 2008]). Additionally, the Legislature has taken a number of measures to treat surviving same-sex partners of victims of the September 11, 2001 World Trade Center attacks as surviving spouses (*see* September 11th Victims and Families Relief Act, L 2002, ch 73, § 1 [legislative intent section specifies that domestic partners should be eligible for September 11th federal fund awards]; L 2002, ch 467, § 1 [amending Workers' Compensation Law to provide same-sex partners of September 11th victims with the same death benefits provided to spouses]; L 2002, ch 176 [same-sex domestic partners of September 11th victims and their children eligible for World Trade Center Memorial Scholarship program]).

So too has decisional law recognized such relationships. As early as 1989, same-sex life partners were recognized as family members for purposes of challenging an eviction proceeding (*see Braschi v Stahl Assoc. Co.*, 74 NY2d 201, 211 [1989]). Further, the same-sex partner of a biological parent has been afforded the right to become the parent of the child through adoption (*see Matter of Jacob*, 86 NY2d 651, 669 [1995]). More recently, we concluded that the recognition of an out-of-state same-sex marriage is not contrary to public policy even if the marriage could not have been solemnized in New York (*see Lewis v New York State Dept. of Civ. Serv.*, 60 AD3d at 221-223; *see also Martinez v County of Monroe*, 50 AD3d 189, 192-193 [2008], *lv dismissed* 10 NY3d 856 [2008]; *C.M. v C.C.*, 21 Misc 3d 926, 929-930 [Sup Ct, NY County 2008]). "These judicial decisions and statutes express a public policy of acceptance that is simply not compatible with [Supreme Court's conclusion] that the recognition in our state of same-sex [civil unions] validly performed elsewhere is contrary to New York public policy" (*Godfrey v Spano*, 13 NY3d 358, 381 [2009, Ciparick, J., concurring]; *see Lewis v New York State Dept. of Civ. Serv.*, 60 AD3d at 222-223; *Martinez v County of Monroe*, 50 AD3d at 192-193). Indeed, although the valid Vermont civil union entered into by the parties does not bind us to confer upon them "all of the incidents which

the other jurisdiction attaches to such status" (*Matter of Chase*, 127 AD2d 415, 417 [1987]), "we may recognize the civil union status . . . as a matter of comity" (*Matter of Langan v State Farm Fire & Cas.*, 48 AD3d 76, 79 [2007]).

Having determined that we may recognize, as a matter of comity, the civil union status of the parties, the issue distills to whether Supreme Court has the power to entertain an action for dissolution of that civil union (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]; *Lacks v Lacks*, 41 NY2d 71, 75 [1976]; *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166 [1967]). The NY Constitution confers upon Supreme Court "general original jurisdiction in law and equity" (NY Const, art VI, § 7). As a court of "original, unlimited and unqualified jurisdiction[, it] is competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed" (*Matter of Fry v Village of Tarrytown*, 89 NY2d at 718 [internal quotation marks and citation omitted]; *see Lacks v Lacks*, 41 NY2d at 75).

Here, while New York has not created a specific mechanism for dissolution of a civil union validly entered into in another state, neither has it exercised its power, by statute or other legislative enactment, to prohibit an action for dissolution of a civil union. Since Supreme Court's jurisdiction over the subject matter of this action has not been proscribed, and this matter involves a dispute for which "adequate relief by means of an existing form of action is [un]available to the plaintiff" (*Kalman v Shubert*, 270 NY 375, 378 [1936]; *see Doe v New York City Bd. of Health*, 5 Misc 3d 424, 427 [Sup Ct, NY County 2004]), Supreme Court is competent to adjudicate the case. However, we note that there is "a clear distinction between a court's competence to entertain an action and its power to render a judgment on the merits. Absence of competence to entertain an action deprives the court of 'subject matter jurisdiction'; absence of power to reach the merits does not" (*Lacks v Lacks*, 41 NY2d at 75 [citation omitted]; *see Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092 [2008]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]). As such, questions as to whether and to what extent relief may ultimately be afforded to the parties have no bearing on whether Supreme Court has subject matter jurisdiction. Conversely, our conclusion that subject matter jurisdiction exists does not in any way determine the ultimate question of what, if any, relief is available on the merits.

CARDONA, P.J., ROSE, KAVANAGH and McCARTHY, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.