OPINION OF THE COURT
Kevin G. Young, J.
This matter was commenced as an action for divorce on April 16, 2010. The defendant filed and served an affidavit consenting to the relief requested. After reviewing the submissions of the parties, the court, on its own motion, elected to convert this ac *918 tion to one for declaratory relief and the defendant has submitted written consent to such relief.
Based on the documents submitted, the court makes the following finding of fact:
1. The parties are two female adults who entered into a civil union in the State of Vermont on June 18, 2004. Such civil unions are authorized in that state under Vermont Statutes Annotated, title 15, § 1201.
2. In the years that followed, their relationship deteriorated to the point that the defendant left their mutual residence on June 30, 2007, and the parties have lived apart since that time.
3. The plaintiff is a resident of the State of New York.
4. The defendant is a resident of the State of Ohio.
5. The resumption of their relationship as a civil union is not reasonably probable.
6. The parties are preluded from obtaining a dissolution of their civil union in the State of Vermont because neither party is currently a resident of Vermont as required by Vermont law. (See Vt Stat Ann, tit 15, § 592.)
7. There are no children born of this relationship.
8. Both parties have waived any claims for any ancillary relief.
Conclusions of Law
In Dickerson v Thompson (73 AD3d 52 [3d Dept 2010]), the Court held that the Supreme Court has subject matter jurisdiction over an action for declaratory and equitable relief seeking dissolution of a civil union validly entered into in another state. The decision was based on principles of comity (see EhrlichBober & Co. v University of Houston, 49 NY2d 574, 580 [1980]; Crair v Brookdale Hosp. Med. Ctr., Cornell Univ., 94 NY2d 524, 528-529 [2000]) and the emerging public policy of the State of New York to protect the rights of individuals in same-sex relationships in a variety of contexts.
For example, the New York Public Health Law extends benefits afforded to domestic partners to persons who have entered into civil unions in other jurisdictions. (See Public Health Law § 2805-q [2] [a] [concerning hospital visitation rights]; § 4201 [1] [c] [i] [concerning disposition of remains]; see also Executive Order [Pataki] No. 113.30 [9 NYCRR 5.113] [granting the same benefits to same-sex partners as to spouses from the State Crime Victims Board].)
The New York courts have also recognized and expanded the rights of same-sex partners. In Matter of Jacob (86 NY2d 651 *919 [1995]) a same-sex partner of a biological parent was allowed to become a parent through adoption. In Martinez v County of Monroe (50 AD3d 189 [4th Dept 2008]) the Court held that employers must afford health insurance benefits to employees who have entered into valid foreign same-sex marriages on the same basis as other married employees and their spouses.
Most recently, in H.M. v E.T. (14 NY3d 521 [2010]), the New York Court of Appeals held that Family Court has jurisdiction to entertain a child support petition by a biological mother seeking support from her former same-sex partner on the assertion that the partner is the parent of the child. On the same day, in Debra H. v Janice R. (14 NY3d 576 [2010]) the Court of Appeals determined that parentage rights created by a civil union in the State of Vermont should be recognized in New York, again under principles of comity.
The Court in Dickerson v Thompson left undecided, however, the issue of what relief could be afforded to the litigants in such an action, concluding its opinion with the comment that “our conclusion that subject matter jurisdiction exists does not in any way determine the ultimate question of what, if any, relief is available on the merits.” (73 AD3d at 56.) The cases cited by the Third Department in this section of its opinion are instructive of the meaning of this somewhat enigmatic dicta. For instance in Lacks v Lacks (41 NY2d 71, 75 [1976]) a court’s general subject matter jurisdiction over divorces was distinguished from residency requirements which may prevent the court from granting relief in a particular case. Similarly, in Matter of Renee XX. v John ZZ. (51 AD3d 1090, 1092 [3d Dept 2008]) the Family Court had subject matter jurisdiction over a support petition by a person acting in loco parentis for a child, but whether that person actually had standing affected only the court’s authority to grant relief in that specific case. Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239, 244 [2d Dept 2007]) also distinguished individual standing requirements from general subject matter jurisdiction.
In the instant case, having concluded that this court has jurisdiction to determine whether this civil union should be dissolved, the question remaining is whether the plaintiff has demonstrated grounds for such dissolution under the applicable Vermont statutes.
Vermont Statutes Annotated, title 15, § 1206 provides, inter alia, that “[t]he dissolution of civil unions shall follow the same procedures and be subject to the same substantive rights and *920 obligations that are involved in the dissolution of marriage in accordance with chapter 11 of this title . . . Vermont Statutes Annotated, title 15, § 551 provides that “(a) divorce from the bond of matrimony may be decreed: ... (7) When a married person has lived apart from his or her spouse for six consecutive months and the court finds that the resumption of marital relations is not reasonably probable.”
As this court has made a finding that the parties have lived apart for a period of more than six consecutive months and that the resumption of this civil union is not reasonably probable, as a matter of law the plaintiff is entitled to a judgment dissolving the civil union entered into by the parties on June 18, 2004.
Now therefore, it is ordered, adjudged and decreed that the civil union entered into between Heidi Marie Parker and Mindy Tamara Waronker on June 18, 2004 in the State of Vermont is hereby dissolved pursuant to Vermont Statutes Annotated, title 15, § 551 (7), and it is further ordered, adjudged and decreed that a copy of this judgment and decree shall be served on the defendant by the plaintiff within 10 days of the date of filing in the Office of the County Clerk of Onondaga County.