■ In the Matter of the Estate of H. KENNETH RANFTLE, Deceased. RICHARD R. RANFTLE, Appellant, v J. CRAIG LEIBY, Respondent. [917 NYS2d 195]—

Order, Surrogate's Court, New York County (Kristen Booth Glen, S.), entered on or about July 27, 2010, which denied appellant's petition to vacate the probate of his brother's will, unanimously affirmed, without costs.

In his last will and testament, executed on August 12, 2008, the decedent made bequests to three brothers, including appellant, and a goddaughter. He left the residue of his estate to respondent, his same-sex partner, whom he had married in Canada on June 7, 2008. Decedent appointed respondent as the executor of his will, which included an in terrorem clause. On December 12, 2008, respondent, as the executor named in the will, filed a petition for probate in the Surrogate's Court. Respondent identified himself as the decedent's surviving spouse and the sole distributee. On December 12, 2008, respondent served the legatees with notice of probate, and on December 15, 2008, the Surrogate's Court issued a decree granting probate.

On January 26, 2009, the Surrogate's Court issued an opinion finding that respondent was "decedent's surviving spouse and sole distributee" (EPTL 4-1.1) and thus, citation of the probate proceeding need not issue to anyone under SCPA 1403 (1) (a). The court found that the decedent's same-sex marriage to respondent was valid under the laws of Canada, where it was

performed, and did not fall into either of the two exceptions to the marriage recognition rule, as the marriage was not affirmatively prohibited or proscribed by natural law. Accordingly, the Surrogate's Court found that the marriage was entitled to recognition.

By order to show cause, dated June 23, 2009, appellant petitioned the Surrogate's Court for vacatur of the probate decree and permission to file objections, alleging that the court was without jurisdiction to grant probate without citation having been issued on the decedent's surviving siblings. Appellant argued that the recognition of the decedent's same-sex marriage violated public policy in New York and that he should have been cited in the probate proceeding and provided with an opportunity to file objections thereto as a distributee.

In denying the instant petition, the Surrogate found that appellant's position that same-sex marriage violated public policy had been "specifically addressed and rejected by the Appellate Division in *Martinez v County of Monroe* (50 AD3d 189 [2008], *lv dismissed* 10 NY3d 856 [2008]) and is patently without merit." We agree.

New York's long-settled marriage recognition rule affords comity to out-of-state marriages and "recognizes as valid a marriage considered valid in the place where celebrated" (*Van Voorhis v Brintnall*, 86 NY 18, 25 [1881]; *see also Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289, 292 [1980]). This rule does not extend such recognition where the foreign marriage is "contrary to the prohibitions of natural law or the express prohibitions of a statute" (*Moore v Hegeman*, 92 NY 521, 524 [1883]; *see also Thorp v Thorp*, 90 NY 602, 606 [1882]). Same-sex marriage does not fall within either of the two exceptions to the marriage recognition rule.

The failure of the Legislature to enact a bill "affords the most dubious foundation for drawing positive inferences" (*see Clark v Cuomo*, 66 NY2d 185, 191 [1985], quoting *United States v Price*, 361 US 304, 310-311 [1960]). Thus, the Legislature's failure to authorize same-sex couples to enter into marriage in New York or require recognition of validly performed out-of-state same-sex marriages, cannot serve as an expression of public policy for the State. In the absence of an express statutory prohibition (*Moore*, 92 NY at 524) legislative action or inaction does not qualify as an exception to the marriage recognition rule. Concur—Mazzarelli, J.P., Catterson, Manzanet-Daniels and Román, JJ.