In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated February 15, 2013, which, without a hearing, denied her motion for custody of the parties’ child, or in the alternative, visitation with the child, and granted that branch of defendant’s cross motion which was for sole custody of the child. By decision and order on motion dated March 25, 2013, this Court granted that branch of the plaintiffs motion which was for visitation with the child pending the hearing and determination of the appeal.
Ordered that the order dated February 15, 2013, is reversed, on the law, with costs, and the matter is remitted to the *595 Supreme Court, Suffolk County, for a hearing and, thereafter, a new determination of the motion and cross motion; and it is further,
Ordered that pending the hearing and the new determination, the visitation schedule set forth in the decision and order on motion of this Court dated March 25, 2013, shall remain in effect.
In May 2009, the plaintiff and the defendant traveled to Connecticut to be married, and then returned to live in their home in New York. Subsequently, they decided to have a child, the defendant was artificially inseminated, and, in September 2010, the defendant gave birth to a child. The plaintiff is listed as the second mother on the child’s birth certificate, and the child’s last name is the hyphenated last names of the plaintiff and the defendant. In 2012, the parties separated, and the defendant and the child lived apart from the plaintiff for several months. However, the plaintiff continued to see the child a few times per week, which included overnight visits. The parties briefly lived with each other again at the end of 2012, but their attempt to reconcile failed, and the defendant again moved with the child to another residence.
In January 2013, the plaintiff commenced this action for a divorce and ancillary relief, and sought, by order to show cause, custody of the child, or in the alternative, visitation. The defendant cross-moved, inter alia, for sole custody of the child. In the order appealed from, the Supreme Court, determining that the plaintiff lacked standing to seek custody or visitation because she was not the child’s biological or adoptive parent, without a hearing, denied the plaintiff’s motion and granted that branch of the defendant’s cross motion which was for sole custody.
Although, at the time of the child’s birth, New York had not yet enacted the Marriage Equality Act (see L 2011, ch 95), affording comity to the parties’ Connecticut marriage, the Supreme Court should have recognized the plaintiff as the child’s parent under New York law (see Debra H. v Janice R., 14 NY3d 576, 599-601 [2010]; Matter of Ranftle, 81 AD3d 566, 567 [2011]; Laura WW. v Peter WW., 51 AD3d 211, 217 [2008]; see also Domestic Relations Law § 73 [1]). Thus, the Supreme Court erred in determining that the plaintiff lacked standing to seek custody or visitation with regard to the subject child. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing and, thereafter, a new determination of the motion and cross motion.
In light of our determination, we need not reach the plaintiffs remaining contentions. Eng, EJ., Balkin, Lott and Roman, JJ., concur.