*Scott Sherman v. Martin Rouse*
Case No. 2632 September Term, 2018
Consolidated Case No. 578 September Term, 2019
Opinion by Meredith, J.

**FAMILY LAW – DIVORCE – RECOGNITION OF VALID SAME-SEX CIVIL UNION ENTERED INTO IN VERMONT – DOCTRINE OF COMITY**.
Under the common law doctrine of comity, a valid civil union between two persons of the same sex, entered into in Vermont, and legal in Vermont, will be recognized in Maryland for purposes of application of Maryland's domestic divorce laws and adjudicating a complaint for divorce in Maryland.

Circuit Court for Montgomery County
Case No. 151917FL

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2632 September Term, 2018

Consolidated

No. 578 September Term, 2019

_____

SCOTT SHERMAN

v.

MARTIN ROUSE

_____

Meredith,
Leahy,
Friedman,

JJ.

_____

Opinion by Meredith, J.

_____

Filed: March 2, 2020

 Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Scott Sherman, appellant, and Martin Rouse, appellee, are parties to a civil union, which they entered into in 2003 in the State of Vermont and in accordance with the laws of Vermont. Approximately 15 years later, after the couple had become residents of Montgomery County, Maryland, Mr. Sherman sought a dissolution of the parties' Vermont civil union by filing a complaint in the Circuit Court for Montgomery County, seeking, among other relief, an absolute divorce pursuant to the Maryland Code (1999, 2019 Repl. Vol.), Family Law Article ("FL"), § 7-103. The circuit court dismissed, in part, Mr. Sherman's complaint for divorce, and after the parties resolved all other claims, this appeal followed.

## QUESTIONS PRESENTED

The question Mr. Sherman presents for our review is:

> Under the doctrine of comity, can a Vermont civil union be dissolved by judgment of divorce in Maryland?

For the reasons we will explain herein, we answer "yes" to that question, and we will vacate in part the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.[1]

---

[1] Because of our answer to Mr. Sherman's first question, we do not reach these two questions he raised:

> II. Even if a civil union cannot be dissolved by divorce, are parties to a Vermont civil union eligible for distribution of property and alimony under the Maryland Family Law Article, pursuant to the doctrine of comity?

> III. If the answer to the foregoing question is "no," may a circuit court having equity jurisdiction, in the absence of specific legislation, use its equity powers to dissolve a Vermont civil union, fashion a fair and

continued…

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2000, the Vermont legislature "created a new legal entity, the civil union, which extended the benefits and protections of marriage to same-sex couples through a system entirely separate from civil marriages." *Solomon v. Guidry*, 203 Vt. 268, 270, 155 A.3d 1218, 1219 (2016).

In 2003, Mr. Sherman and Mr. Rouse entered into a civil union in the State of Vermont. Over the course of the parties' civil union relationship, they became parents to two children (born in July 2000 and July 2004), and are currently residents of Montgomery County, Maryland, and co-owners of a family home. They have remained in a civil union relationship since 2003, but never married each other.

In 2018, Mr. Sherman sought a dissolution of the parties' civil union by filing a "Complaint for Absolute Divorce" in the Circuit Court for Montgomery County. In addition to requesting an absolute divorce, Mr. Sherman sought the following relief in his complaint: alimony, an equitable distribution of property, a monetary award, custody of the children, child support, use and possession of the family home, attorney's fees, suit money and costs, the entry of an earnings withholding order regarding any support awarded, and an order requiring Mr. Rouse to contribute to the expenses of the family home.

_____

continued…
        equitable distribution of the parties' spousal assets, and determine spousal support?

Mr. Rouse moved to dismiss the complaint pursuant to Maryland Rule 2-322, and requested a hearing on his motion. Mr. Rouse admitted that the circuit court "has jurisdiction to make determinations related to child custody and support for the parties' two adopted sons, as well [as] attorneys' fees and suit money." But, with respect to the request for a divorce, Mr. Rouse contended that Mr. Sherman failed to state a claim upon which relief can be granted. Mr. Rouse argued that a "civil union" is not the equivalent of a "marriage" for purposes of obtaining a divorce and any attendant relief in Maryland. Mr. Rouse further argued that, because the parties never married, "the circuit court should not treat their civil union as a marriage."[2]

The circuit court held a hearing on Mr. Rouse's motion to dismiss. Mr. Sherman argued that he was not asking the circuit court to elevate or transform the parties' civil union into a marriage; rather, he was asking for recognition of the Vermont civil union, pursuant to the doctrine of comity, for purposes of dissolving the civil union in Maryland and obtaining relief under the Maryland Family Law Article. Mr. Sherman also asserted that Maryland was the only forum available to him for seeking such relief because the couple did not meet the applicable legal requirements under Vermont law to be divorced as non-residents in Vermont. Mr. Sherman advised the court that, under Vermont law, non-residents of Vermont who wish to dissolve a Vermont civil union in Vermont are

_____

[2] The parties subsequently reached an interim agreement regarding custody of the parties' children, child support, use and possession of the family home, and Mr. Rouse's contribution to the mortgage on the family home. The terms of their agreement were embodied in a "Consent Order (Interim Without Prejudice)," which was signed by the parties and approved by the circuit court. The circuit court entered the "Consent Order (Interim Without Prejudice)" on May 2, 2018.

3

required to resolve any disagreements about alimony and property distribution before coming to court, *and* the parties must not have minor children.

On September 26, 2018, the circuit court entered a written opinion and order, granting in part Mr. Rouse's motion to dismiss the complaint for failure to state a cause of action "for a divorce and his associated requests for an award of alimony and equitable distribution of property." The circuit court opined that "the doctrine of comity permits this court to recognize the Vermont civil union of the parties[,]" but ultimately concluded that, "if the right to seek a divorce, and to seek awards of alimony and equitable distribution are to be extended to individuals joined by civil union, it is a matter for the legislature, not the courts." The circuit court found that Mr. Sherman could move forward, however, on his claims for "custody, child support, use and possession of the family home and family use personal property, an award of attorneys' fees, suit money and costs, the entry of an earnings withholding order regarding child support, and the request that [Mr. Rouse] be required to contribute to the costs of the family home [all of which claims] survive and may continue to be litigated."

On October 9, 2018, Mr. Sherman noted a first appeal, arguably prematurely, which was docketed in this Court as appeal No. 2632, September Term, 2018.

On April 9, 2019, Mr. Sherman and Mr. Rouse voluntarily reached an agreement on all remaining claims that the circuit court had declared viable in its September 26, 2018 opinion and order. The terms of the parties' agreement with respect to those issues were reflected in a "Consent Order (All Issues)," which was signed by the parties and

4

approved by the circuit court. The circuit court entered the "Consent Order (All Issues)" on April 22, 2019.

On May 20, 2019, Mr. Sherman filed a second notice of appeal, which was docketed in this Court as appeal No. 578, September Term, 2019. Mr. Sherman later filed a motion in this Court to consolidate his two appeals (Nos. 578 and 2632) "as they present the same questions of law for this Honorable Court to consider." We granted Mr. Sherman's motion and consolidated his two appeals (Nos. 578 and 2632).

Mr. Rouse initially filed a responsive brief in this Court on September 4, 2019. But he later filed a "Motion to Withdraw Brief of Appellee." Mr. Sherman did not object to the withdrawal of Mr. Rouse's brief. We granted Mr. Rouse's motion and struck the brief and appendix that had been filed by Mr. Rouse on September 4, 2019; consequently, counsel for Mr. Rouse did not present a brief or oral argument in this Court.

An amicus curiae brief was filed in this Court, pursuant to Maryland Rule 8-511, in support of Mr. Sherman's arguments by The Lambda Legal Defense and Education Fund, Inc., The National Center for Lesbian Rights, GLBTQ Legal Advocates & Defenders, and FreeState Justice, Inc.

## STANDARD OF REVIEW

The circuit court determined that it could not—even as a matter of comity—grant parties to a Vermont civil union a judgment of absolute divorce in Maryland. Mr. Sherman, therefore, asks us: "Under the doctrine of comity, can a Vermont civil union be dissolved by judgment of divorce in Maryland?" Because this question is a purely legal one, we review it without deference to the circuit court's conclusion. *See Port v. Cowan*,

426 Md. 435, 441 (2012) (applying a *de novo* standard of review to the question of whether two persons of same sex who were legally married in California could obtain a divorce in Maryland); *Flanagan v. Flanagan*, 181 Md. App. 492, 521 (2008) ("[W]e review the chancellor's determination of questions of law under a 'de novo' standard of review.").

## DISCUSSION

Mr. Sherman contends that he should have the right to seek and be granted a judgment of absolute divorce in Maryland because Vermont's own statutes governing civil unions provide a statutory right for parties to a Vermont civil union to seek a divorce, spousal support, and the division of property. Relying on *Port v. Cowan*, 426 Md. 435, Mr. Sherman asserts that the absence of the recognition of a civil union as a "spousal relationship" in the Maryland Family Law Article is not an impediment to the requested relief. In support of his assertion, Mr. Sherman points out that, during the time when the Maryland Family Law Article expressly provided that "[o]nly a marriage between a man and a woman is valid in this State[,]" the Court of Appeals in *Port*, 426 Md. at 447, held that, under the doctrine of comity, Maryland courts would recognize a same-sex marriage entered into in California, *and* apply Maryland's divorce laws to dissolve the parties' same-sex marriage. Mr. Sherman contends that, "[b]y the same token . . . Maryland can use the principle of comity to divorce the parties" in this case. *Amici* agree with the arguments that Mr. Sherman made in his brief.

In Maryland, "comity" refers to the principle that "Maryland courts 'will give effect to laws and judicial decisions of another state or jurisdiction, not as a matter of

6

obligation but out of deference and respect.'" *Port*, 426 Md. at 444 (quoting *Wash. Suburban Sanitary Comm'n v. CAE-Link Corp.*, 330 Md. 115, 140, 622 A.2d 745, 757 (1993)). Prior to the recognition of same-sex marriage by Maryland's legislature, the Court of Appeals in *Port* announced that, "[u]nder the principles of the doctrine of comity applied in our State," Maryland courts will recognize a valid same-sex marriage from another state for purposes of a domestic divorce action because that marriage is *not* "repugnant" to this State's public policy. *Id.* at 449 ("the parties' same-sex marriage is not 'repugnant' to Maryland 'public policy,' as that term is understood properly in applying the doctrine of comity in modern times"). The Court observed that the doctrine of comity has a long history of being applied in Maryland courts, *id.* at 444, and commented that a number of other states with comity principles and domestic marriage laws "similar . . . to those of Maryland have recognized foreign same-sex marriages for purposes of their domestic divorce laws." *Id.* at 453-54. The *Port* Court held: "A valid out-of-state same-sex marriage should be treated by Maryland courts as worthy of divorce, according to the applicable statutes, reported cases, and court rules of this State." *Id.* at 455.

The holding of the Supreme Court in *Obergefell v. Hodges*, ___ U.S. ___, 135 S.Ct. 2584 (2015), supersedes, but also reinforces, the conclusion in *Port* that Maryland would grant parties to a same-sex marriage the benefit of Maryland's divorce statutes. In *Obergefell*, the Supreme Court held that the Fourteenth Amendment of the United States Constitution requires states to license marriages between two people of the same sex, 135

7

S.Ct. at 2604-05, and requires each state to recognize a lawful same-sex marriage performed in another state, 135 S.Ct. at 2607-08.

Although the holding in *Port* dealt with a same-sex marriage rather than a civil union, part of the Court's discussion in *Port* provides support for extending comity to recognize a valid, out-of-state *civil union* for purposes of granting a Maryland divorce. Citing *Dickerson v. Thompson,* 73 A.D.3d 52, 897 N.Y.S.2d 298, 299-301 (2010), the Court of Appeals observed that the State of "New York, which prior to enacting a marriage-equality law in 2011 had comity and marriage laws similar to Maryland . . . , recognized foreign same-sex *civil unions* for purposes of *divorce*." *Id.* at 453-54 (emphasis added). The *Port* Court also noted that, in Maryland, "[t]he Family Law Article grants jurisdiction to equity courts, i.e., the Circuit Courts, over 'divorce,' *without using the term* '*marriage*.'" *Id*. at 454 n.20 (emphasis added).

Vermont's civil union statute is found in V<small>T</small>. S<small>TAT</small>. A<small>NN</small>. tit. ("V.S.A.") 15, § 1204 (West 2010), and currently provides in pertinent part:

> (a) **Parties to a civil union shall have all** *the same benefits, protections, and responsibilities under law*, **whether they derive from statute, administrative or court rule, policy, common law, or any other source of civil law,** *as are granted to spouses in a civil marriage*.

> (b) **A party to a civil union shall be included in any definition or use of the terms "spouse,"** "family," "immediate family," "dependent," "next of kin," **and other terms that denote the spousal relationship**, as those terms are used throughout the law.

> (c) Parties to a civil union shall be responsible for the support of one another to the same degree and in the same manner as prescribed under law for married persons.

**(d)** *The law of domestic relations, including* **annulment, separation and** *divorce***, child custody and support, and property division and maintenance** *shall apply to parties to a civil union*.

(Emphasis added.)

With respect to a divorce of parties to a Vermont civil union, the Vermont legislature provided that "[t]he dissolution of civil unions shall follow **the same procedures and be subject to the same substantive rights and obligations that are involved in the dissolution of marriage** . . . ." 15 V.S.A. § 1206(a) (emphasis added). *See*, *e.g.*, *DeLeonardis v. Page*, 188 Vt. 94, 101-05, 998 A.2d 1072, 1076-78 (2010). As explained by the Supreme Court of Vermont in *Miller-Jenkins v. Miller-Jenkins*, 180 Vt. 441, 462, 912 A.2d 951, 968 (2006), **"[t]he [Vermont] Legislature's intent in enacting the civil union laws was to create legal equality between relationships based on civil unions and those based on marriage."** (Emphasis added.)

Here, Mr. Sherman and Mr. Rouse entered into a civil union under the laws of Vermont. In seeking an absolute divorce and ancillary relief in Maryland, Mr. Sherman was asking the circuit court "to find the parties to be in precisely the formal legal relationship they both contracted for with the State of Vermont." As we indicated above, under Vermont law, parties to a civil union share a "spousal relationship" that entitles them to "all the same benefits, protections, and responsibilities under law . . . as are granted to spouses in a civil marriage[,]" which includes the right to a divorce, property division, and "maintenance." 15 V.S.A. § 1204.

Mr. Sherman points out that the General Assembly of Maryland has not declared the recognition of civil unions to be contrary or repugnant to the public policy of

9

Maryland. *Cf. Port*, 426 Md. at 449, 455 (holding that a same-sex marriage legally entered into in another state is not repugnant to Maryland public policy). And, in the wake of the Supreme Court's ruling in *Obergefell*, we perceive no reason the General Assembly would take a different position with respect to civil unions.

We conclude that, applying the doctrine of comity, Maryland courts will recognize the spousal relationship of parties to a Vermont civil union and, for purposes of adjudicating Mr. Sherman's complaint for an absolute divorce, will apply the laws of this State that would be generally applicable to residents of this State who are married. *See Port,* 426 at 455. Therefore, we will vacate the judgment of the circuit court to the extent it dismissed Mr. Sherman's complaint for an absolute divorce, alimony, property division and related relief, and we will remand this case for further proceedings consistent with this opinion.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED IN PART; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**